UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM CRUMP, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-20 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CHRISTOPHER DARLING, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

      This is a civil rights action brought by a *pro se* prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in January 2006. Presently pending before this court is plaintiff's motion to disqualify the undersigned judge and Magistrate Judge Joseph G. Scoville and to "reassign" Judge David W. McKeague to the case. As grounds for his requested relief, petitioner asserts that this case was originally reviewed by Judge McKeague in *Crump v. Darling*, case no. 1:02-cv-182, who on July 17, 2003, ordered dismissal for lack of exhaustion of state remedies. On July 6, 2005, the United States Court of Appeals for the Sixth Circuit affirmed Judge McKeague's decision. *See Crump v. Darling*, No. 03-2086 (6th Cir. July 6, 2005). Plaintiff asserts that under the Local Rules of this court, the case should have been assigned to Judge McKeague. Petitioner goes on to allege that both this court and the magistrate judge are biased against him, because of a provision in the order of the magistrate judge (docket # 4) requiring service of the complaint and the filing of a response by defendant addressing, among other issues, the statute of limitations. Neither of plaintiff's grounds for relief is meritorious.

Plaintiff's first argument, that this case should have been assigned to Judge McKeague under W.D. Mich. LCivR 3.3(d)(1) as the refiling of a case earlier dismissed, might have merit except for the fact that Judge McKeague is no longer a judge of this court. Judge McKeague became a circuit judge, serving on United States Court of Appeals for the Sixth Circuit months before plaintiff filed this lawsuit. Therefore, assignment of this case to him is an impossibility.

Plaintiff's grounds for disqualification of this court and the magistrate judge are frivolous. The record in this case will show that this court has taken absolutely no action in this case. In such circumstances, it is impossible to envision any grounds for disqualification under 28 U.S.C. § 455. The only actions taken by the magistrate judge have been the granting of plaintiff's request to proceed *in forma pauperis* and the issuance of an order directing service of the complaint and a response by defendant. These actions, both of which allowed plaintiff's case to proceed, can hardly be viewed as evidence of bias. Plaintiff focuses upon a single line of the order of the magistrate judge, which directs defendant to address the issue of the statute of limitations. Such a provision is a commonplace part of orders to answer issued by this court, where the record is insufficient to gauge the timeliness of a plaintiff's complaint. By directing the parties to address an issue, the magistrate judge in no sense provided defendant with a defense, as claimed by plaintiff. Grounds for disqualification under section 455 generally must be based on evidence of personal bias, which is completely lacking in the present case. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005); *Schilling v. Heaurin (In re Triple S Restaurants, Inc.)*, 422 F.3d 405, 417 (6th Cir. 2005). Nor does the magistrate judge's mentioning of this defense justify an order prohibiting defendant from properly asserting the defense by motion or answer.

For the foregoing reasons, plaintiff's motion to disqualify and reassign this case and to prohibit "the use of a prejudicial defense" is hereby DENIED.

Date:     March 14, 2006                /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE